[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11466
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22541-MGC

NEW WAVE INNOVATIONS, INC.,

Plaintiff-Appellant,

versus

JAMES MCCLIMOND,
an individual,
MR. FOAMER, INC.,
a Florida corporation,
CAR WASH EXPERTS, INC.,
a Florida corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2015)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

New Wave Innovations appeals the district court's adoption of the magistrate judge's recommendation of denial of New Wave's motion for Preliminary Injunction. New Wave argues that the court erred when it accepted the magistrate judge's finding that New Wave failed to show use of the "Mr. Foamer" mark in commerce in connection with the sale of any good or service and that New Wave could only establish de minimis or token use of the mark.

New Wave brought suit against the Appellees for trademark infringement, unfair competition/false designation of origin, unfair competition/trade dress infringement, violation of the Florida Deceptive and Unfair Trade Practices Act, and breach of confidential business relationship. It moved for a preliminary injunction, seeking to enjoin Appellees from operating any business using the name Mr. Foamer or using the name in conjunction with its business. New Wave asserts that it used the name Mr. Foamer before Appellees did and that Appellees' use of the name has caused confusion. Specifically, New Wave used the name in a Christmas card that it sent in November 2011; the card depicted a foam generator as a cartoon character and said "Christmas Wishes from Mr. Foamer." Appellees incorporated Mr. Foamer, Inc., in July 2012.

2

We review the district court's decision to deny a preliminary injunction for abuse of discretion.  Forsyth Cnty. v. U.S. Army Corps of Eng'rs, 633 F.3d 1032, 1039 (11th Cir. 2011).  We review the court's findings of fact for clear error and its legal conclusions de novo.  Id.  "This scope of review will lead to reversal only if the district court applies an incorrect legal standard, or applies improper procedures, or relies on clearly erroneous factfinding, or if it reaches a conclusion that is clearly unreasonable or incorrect."  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005) (per curiam).

A party seeking a preliminary injunction must establish that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' for each prong of the analysis."  Am.'s  Health Ins. Plans v. Hudgens, 742 F.3d 1319, 1329 (11th Cir. 2014) (quoting Siegel, 234 F.3d at 1176).

A party who bring an action for trademark infringement must show "that its mark has priority and that the defendant's mark is likely to cause consumer

3

confusion." Frehling Enters., Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1335 (11th Cir. 1999).   Trademark rights are gained in the common law via actual prior use in commerce.  Tally-Ho, Inc. v. Coast Comm. Coll. Dist.,  889 F.2d 1018, 1022 (11th Cir. 1990).  We have stated that, "[i]n general, uses that are *de minimis* may not establish trademark ownership rights."  Planetary Motion, Inc. v. Techplosion, Inc., 261 F.3d 1188, 1196 (11th Cir. 2001).

The district court did not abuse its discretion.  New Wave used the mark a single time, in a Christmas card that purportedly contained a coupon; this coupon and its terms have not been entered into evidence.  Thus we do not know how the coupon acted in placing Mr. Foamer in commerce.  The card did not infer that New Wave had a new name or was marketing a product with the name Mr. Foamer; it was a cartoon of one of its products in a Santa hat with a greeting attached.  As such, it was a *de minimis* use of the mark.[1]  Thus, New Wave has not established trademark ownership rights and has not demonstrated substantial likelihood of success on the merits.

AFFIRMED.

---

[1]    We reject New Wave's reliance on the Trademark Manual of Examining Procedure for its discussion of token use in this context.  The discussion in the manual is about seasonal products, not a seasonal ad campaign.  New Wave's Christmas card was not akin to "test markets, infrequent sales of large of expensive items, or ongoing shipments of a new drug to clinical investigators."  TMEP § 902.02 (citing S. Rep. No. 515, 100th Cong. 2d Sess. 44-45 (1988)).